IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal No: 3:06-1129 |
| | ) | |
| V. | ) | |
| | ) | **PLEA AGREEMENT** |
| **BRETT SHANNON JOHNSON** | ) | |
| | ) | |

## General Provisions

This PLEA AGREEMENT is made this 20th day of February, 2006, between the United States of America, as represented by United States Attorney REGINALD I. LLOYD, Assistant United States Attorney Dean A. Eichelberger; the Defendant, **BRETT SHANNON JOHNSON**, and Defendant's Attorney, James P. Rogers, Esquire.

IN CONSIDERATION of the mutual promises made herein, the parties hereto agree as follows:

1. The Defendant agrees to plead guilty to Counts 1, 4, 16, and 28 of the Indictment now pending, which charges conspiracy to violate the laws of the United States (Count 1); aggravated identity theft (Count 4); making a false claim against the United States (Count 16); and passing counterfeit securities of an organization (Count 28), a violation of Title 18, United States Code, Section 371, 1028A, 287, and 513.

### ELEMENTS AND PENALTIES AS TO COUNT 1

In order to sustain its burden of proof as to Count 1, the Government is required to prove the following:

ONE: The conspiracy, agreement, or understanding to commit the federal crime, as described in the indictment, was formed, reached, or entered into by two or more persons;

TWO: At some time during the existence or life of the conspiracy, agreement, or understanding, one of its alleged members knowingly performed one of the overt acts charged

in the indictment in order to further or advance the purpose of the agreement; and

THREE: At some time during the existence or life of the conspiracy, agreement, or understanding, the defendant knew the purpose of the agreement, and then deliberately joined the conspiracy, agreement, or understanding.

**Count 1 Maximum Penalty**

5 years imprisonment
$250,000 fine
3 years Supervised Release
$100 Special Assessment

## ELEMENTS AND PENALTIES AS TO COUNT 4

In order to sustain its burden of proof as to Count 4, the Government is required to prove the following:

ONE: During and in relation to a specified fraud;

TWO: The defendant transferred, possessed, or used a means of identification of another person;

THREE: The defendant acted knowingly and without lawful authority

"Specified Fraud" includes the following: 18 USC §§ 641, 656, 664, 911, 922(a)(6), any provision of chapter 47 (other than 1028A or 1028(a)(7)); chapter 63 violations relating to mail, bank, wire fraud; chapter 69 relating to nationality and citizenship; chapter 75 relating to passports and visas; 15 USC 6823; 8 USC 1253 and 1306 8 USC 1321 et seq relating to immigration offenses (chapter 8);

Count 4 Maximum Possible Penalties

2 years imprisonment consecutive to any other sentence
$250,000 fine
1 ~~3~~ years Supervised Release
$100 Special Assessment

## ELEMENTS AND PENALTIES AS TO COUNT 16

In order to sustain its burden of proof as to Count 16, the Government is required to prove the following:

ONE: The defendant presented a false or fraudulent claim against the United States;

TWO: The claim was presented to an agency or contractor of the United States; and

THREE: The defendant knew the claim was false or fraudulent; and

FOUR: The false or fraudulent claim was material.

MAXIMUM POSSIBLE PENALTY:

Five years imprisonment
$250,000 fine
Three years supervised release
$100 Special Assessment

## ELEMENTS AND PENALTIES AS TO COUNT 28

In order to sustain its burden of proof as to Count 28, the Government is required to prove the following:

ONE: the defendant made, uttered, or possessed;

TWO: a forged or counterfeited security;

THREE: of an organization;

FOUR: with intent to deceive another person, organization, or government.

MAXIMUM PENALTY

Imprisonment: 10 years
Fine: $250,000
Supervised Release: 3 years
Special Assessment: $100

2. The Defendant agrees to provide detailed financial information to the United States Probation Office prior to sentencing. The Defendant further agrees to enter into the Bureau of Prisons Inmate Financial Responsibility Program if sentenced to a term of incarceration with an unsatisfied monetary penalty. The Defendant further understands and agrees that any monetary penalty imposed is not dischargeable in bankruptcy.

    (A)    Fines: The Defendant understands and agrees that the court may impose a fine pursuant to 18 U.S.C. §§ 3571 and 3572, which fine may be due and payable immediately after sentencing regardless of whether the Defendant has the money to pay the fine. In the event the Defendant does not have the money, the Defendant understands and agrees that the court may establish a payment schedule, taking into account the Defendant's present and future means of earning money, or of obtaining money to pay the fine.

    (B)    Restitution: The Defendant agrees to make full restitution under 18 U.S.C. § 3556 in an amount to be determined by the court at the time of sentencing, which amount is not limited to the count(s) to which the Defendant pled guilty, but will include restitution to each and every identifiable victim who may have been harmed by his scheme or pattern of criminal activity, pursuant to 18 U.S.C. § 3663. The Defendant agrees to cooperate fully with the government in identifying all victims. The Defendant understands and agrees that full payment of restitution is due immediately after sentencing unless the court provides, in the interest of justice, for payment on a date certain or in installments over the shortest

time in which full payment can be reasonably made. The Defendant further understands and agrees that the government will seek enforcement of any order of restitution, and reserves the right to petition the court at a later date to increase the amount of any installment payments toward restitution in the interest of justice.

    (C)    <u>Special Assessment:</u> Pursuant to 18 U.S.C. §3013, the Defendant must pay a special assessment of $100.00 for each felony count for which he is convicted. This special assessment must be paid at or before the time of the guilty plea hearing.

3. Provided the Defendant complies with all the terms of this Agreement, the United States agrees to move to dismiss the remaining counts of the Indictment [and any other indictments under this number] at sentencing. The Defendant understands that the Court may consider these dismissed counts as relevant conduct pursuant to § 1B1.3 of the United States Sentencing Guidelines.

4. The Defendant understands that the matter of sentencing is within the sole discretion of the Court and that the sentence applicable to Defendant's case will be imposed after the Court considers as advisory the United States Sentencing Commission Guidelines, Application Notes and Policy Statements, as well as the factors set forth in Title 18, United States Code, Section 3553(a). The Defendant also understands that Defendant's sentence has not yet been determined by the court, and that any estimate of a probable sentencing range Defendant may have received from Defendant's attorney, the Government or the United States Probation Office is only a prediction, not a promise, and is not binding on the Government, the

Probation Office or the Court. The Defendant further understands that the Government retains the right to inform the Court of any relevant facts, to address the Court with respect to the nature of the offense, to respond to questions raised by the Court, to correct any inaccuracies or inadequacies in the presentence report, to respond to any statements made to the Court by or on behalf of the Defendant and to summarize all evidence which would have been presented at trial to establish a factual basis for the plea.

5. The Defendant agrees that all facts that determine his offense level under the Guidelines and pursuant to any mandatory minimum (including facts that support any specific offense characteristic or other enhancement or adjustment) can be found by the court at sentencing as permitted by law and the court may consider any reliable evidence, including hearsay. By executing this Agreement, the Defendant understands that he waives any argument that facts that determine his offense level under the Guidelines and pursuant to any mandatory minimum should be alleged in an indictment and found by a jury beyond a reasonable doubt.

6. The Defendant understands that the obligations of the Government within the Plea Agreement are expressly contingent upon the Defendant's abiding by federal and state laws and complying with the terms and conditions of any bond executed in this case.

7. In the event that the Defendant fails to comply with any of the provisions of this Agreement, either expressed or implied, it is understood that the Government will have the right, at its sole election, to void all of its obligations under this Agreement and the Defendant will not have any right to withdraw his plea of guilty to the offense(s) enumerated herein.

## Cooperation and Forfeiture

8. The Defendant agrees to be fully truthful and forthright with federal, state and local law enforcement agencies by providing full, complete and truthful information about all criminal activities about which he has knowledge. The Defendant must provide full, complete and truthful debriefings about these unlawful activities and must fully disclose and provide truthful information to the Government including any books, papers, or documents or any other items of evidentiary value to the investigation, such information to include whether the Defendant has any assets traceable to the schemes alleged in the indictment or any similar scheme. The Defendant must also testify fully and truthfully before any grand juries and at any trials or other proceedings if called upon to do so by the Government, subject to prosecution for perjury for not testifying truthfully. The failure of the Defendant to be fully truthful and forthright at any stage will, at the sole election of the Government, cause the obligations of the Government within this Agreement to become null and void. Further, it is expressly agreed that if the obligations of the Government within this Agreement become null and void due to the lack of truthfulness on the part of the Defendant, the Defendant understands that:

    (A)    the Defendant will not be permitted to withdraw his plea of guilty to the offenses described above;

    (B)    all additional charges known to the Government may be filed in the appropriate district;

    (C)    the Government will argue for a maximum sentence for the offense to which the Defendant has pleaded guilty; and

    (D)    the Government will use any and all information and testimony provided

by the Defendant in the prosecution of the Defendant of all charges.

9. The Defendant agrees to submit to such polygraph examinations as may be requested by the Government and agrees that any such examinations shall be performed by a polygraph examiner selected by the Government. This examination will include all issues addressed by the cooperation of the Defendant as well as the existence of any assets traceable to the schemes alleged in the Indictment. Defendant further agrees that his refusal to take or his failure to pass any such polygraph examination to the Government's satisfaction will result, at the Government's sole discretion, in the obligations of the Government within the Agreement becoming null and void.

10. The Government agrees that any self-incriminating information provided by the Defendant as a result of the cooperation required by the terms of this Agreement, although available to the Court, will not be used against the Defendant in determining the Defendant's applicable guideline range for sentencing pursuant to the U.S. Sentencing Commission Guidelines. The provisions of this paragraph shall not be applied to restrict any such information:

    (A) known to the Government prior to the date of this Agreement;

    (B) concerning the existence of prior convictions and sentences;

    (C) in a prosecution for perjury or giving a false statement; or

    (D) in the event the Defendant breaches any of the terms of the Plea Agreement.

11. The Defendant agrees to abandon all items of personal property seized from the apartment he occupied in Orlando, Florida, including without limitation, DVDs, electronic equipment, exercise equipment, furniture, and money.

drawn from his silence; and that the Defendant, with the advice of counsel, has weighed the relative benefits of a trial by jury or by the Court versus a plea of guilty pursuant to his Agreement, and has entered this Agreement as a matter of the Defendant's free and voluntary choice, and not as a result of pressure or intimidation by any person.

15. The parties hereby agree that this Plea Agreement contains the entire agreement of the parties; that this Agreement supersedes all prior promises, representations and statements of the parties; that this Agreement shall not be binding on any party until the Defendant tenders a plea of guilty to the court having jurisdiction over this matter; that this Agreement may be modified only in writing signed by all parties; and that any and all other promises, representations and statements, whether made prior to, contemporaneous with or after this Agreement, are null and void.

2-20-07
DATE

BRETT SHANNON JOHNSON, Defendant

2-20-07
DATE

James P. Rogers
Attorney for the Defendant

REGINALD I. LLOYD
UNITED STATES ATTORNEY

2-20-07
DATE

BY: 

Dean A. Eichelberger
Assistant U. S. Attorney

-10-