# United States District Court
## District of South Carolina

| | |
|---|---|
| UNITED STATES OF AMERICA<br>vs.<br>**BRETT SHANNON JOHNSON** | **AMENDED JUDGMENT IN A CRIMINAL CASE**<br>(For Offenses Committed On or After November 1, 1987) |
| **Date of Original Judgment**: May 31, 2007 | Case Number: 3:06cr01129-CMC (01)<br><br>US Marshal's Number: 26477-018<br><br>James P. Rogers, AFPD<br>Defendant's Attorney |
| *(or Date of Last Amended Judgment)* | |

**Reason for Amendment:**

☐ Correcting Clear Error (Fed.R.Crim.P.35(a))
☐ Reducing a Sentence Pursuant to Fed.R.Crim.P.35(b)
☐ Correction of Sentence for Clerical Error (Fed.R.Crim.P.36)
☐ Modification of Supervision Conditions (18 U.S.C. §3563(c) or 3583(e))

☐ Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. §3582(c)(1))
☐ Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 U.S.C. §3582(c)(2))
☐ Direct Motion to District Court Pursuant to
   ☐ 28 U.S.C.§2255,   ☐ 18 U.S.C.§3559(c)(7),
■ Modification of Restitution Order (18U.S.C.§3664)

**THE DEFENDANT:**

■ pleaded guilty to Counts 1, 4, 16 and 28 of the Indictment on February 20, 2007.
☐ pleaded nolo contendere to count(s) on which was accepted by the court.
☐ was found guilty on count(s) on after a plea of not guilty.

Accordingly, the court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18:371 (18:1029(a)(2); 18:1028A(c)(1); 18:641; 18:1028) | Please see Indictment | October 17, 2006 | 1 |
| 18:1028A(a)(1) | Please see Indictment | May 9, 2006 | 4 |
| 18:287; 18:2 | Please see Indictment | May 9, 2006 | 16 |
| 18:513 | Please see Indictment | December 4, 2004 | 28 |

The defendant is sentenced as provided in pages 2 through 7 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s).
■ Counts 2, 3, 5-15, 17-27 and 29-37 are dismissed on the motion of the United States.
☐ Forfeiture provision is hereby dismissed on motion of the United States Attorney.

IT IS ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court or United States attorney of any material change in the defendant's economic circumstances.

March 9, 2009
Date of Imposition of Judgment

s/Cameron McGowan Currie
Signature of Judicial Officer

CAMERON McGOWAN CURRIE, U.S. District Judge
Name and Title of Judicial Officer

March 9, 2009

DEFENDANT: <u>BRETT SHANNON JOHNSON</u>
CASE NUMBER: <u>3:06cr1129-CMC</u> (01)

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of <u>Seventy-five (75) months</u>. This term consists of Fifty-one (51) months each as to Counts 1, 16 and 28, these terms to run concurrently; and Twenty-four (24) months as to Count 4, to run consecutively.

■ The court makes the following recommendations to the Bureau of Prisons: The Court recommends that the defendant be evaluated for the intensive drug program under Section 3621(e) and that FCI-Ashland, KY, be designated for service of the period of incarceration.

■ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

　☐ at a.m./p.m. on.

　☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

　☐ before 2 p.m. on

　☐ as notified by the United States Marshal.

　☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this Judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

at _____ , with a certified copy of this Judgment.

　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MARSHAL

　　　　　　　　　　　　　　　　　　　　By _____
　　　　　　　　　　　　　　　　　　　　　　　　Deputy United States Marshal

DEFENDANT: <u>BRETT SHANNON JOHNSON</u>
CASE NUMBER: <u>3:06cr1129-CMC</u> (01)

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of <u>Three (3) years</u>. This term consists of Three (3) years each as to Counts 1, 16 and 28 and One (1) year as to Count 4, all terms to run concurrently.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter.

☐ The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable)

☒ The defendant shall cooperate in the collection of DNA as directed by the Probation Office. (Check, if applicable)

☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the Probation Office. (Check, if applicable)

☐ The defendant shall participate in an approved rehabilitation program for domestic violence. (Check, if applicable)

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement;
14) the defendant shall not commit another federal, state or local crime during the term of supervision.

DEFENDANT: BRETT SHANNON JOHNSON
CASE NUMBER: 3:06cr1129-CMC (01)

## ADDITIONAL SUPERVISED RELEASE TERMS

**1. The defendant shall pay mandatory restitution in monthly installments of not less than $100.00 to begin sixty (60) days after release from imprisonment.**

**2. The defendant shall participate in a substance abuse treatment program, to include alcohol and drug testing, as approved by the U.S. Probation Office.**

**3. The defendant shall participate in the computer monitoring program, as approved by the U.S. Probation Office.**

**4. The defendant shall be prohibited from using computers available at public access locations, such as libraries, internet cafes, etc.**

**5. The defendant shall be prohibited from the use of devices that communicate data via modem or dedicated connection and may not have access to the internet.**

**6. Potential employers shall be notified of the defendant's conviction for this offense.**

DEFENDANT: <u>BRETT SHANNON JOHNSON</u>
CASE NUMBER: <u>3:06cr1129-CMC</u> (01)

# CRIMINAL MONETARY PENALTIES

> The defendant will make all checks and money orders
> payable to the "**Clerk, U.S. District Court**" unless otherwise directed by the court.

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **Totals:** | $ 400.00 | $ | $ 332,080.13 |

☐ The determination of restitution is deferred until An *Amended Judgment in a Criminal Case* will be entered after such determination.

■ The defendant shall make restitution (including community restitution) to the payees in the amount listed on the next page.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment unless specified in the priority order or percentage payment column on the next page. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid in full prior to the United States receiving payment.

**SEE VICTIM(S) LIST ON THE NEXT PAGE**

☐ If applicable, restitution amount ordered pursuant to plea agreement . . . . . . . . . . . . . . . . **$**

☐ The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. §3612(f). All of the payment options on Sheet 5, Part B, may be subject to penalties for default and delinquency pursuant to 18 U.S.C. §3612(g).

■ The court determined that the defendant does not have the ability to pay interest and it is ordered that:
  ■ The interest requirement is waived for the ☐ fine and/or ■ restitution.
  ☐ The interest requirement for the ☐ fine and/or ☐ restitution is modified as follows:

\*\*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: BRETT SHANNON JOHNSON
CASE NUMBER: 3:06cr1129-CMC (01)

## RESTITUTION PAYEES

| Name of Payee | *Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| IRS | $ 272,354.71 | $ 272,354.71 | |
| Annadene Silver | $ 137.42 | $ 137.42 | |
| Alesandro Cesaria | $ ~~6,531.49~~ -0- | $ ~~6,531.49~~ -0- | |
| David Veal | $ 6,600.00 | $ 6,600.00 | |
| Hannah Gurovich | $ ~~5,670.00~~ -0- | $ ~~5,670.00~~ -0- | |
| Safa Kharsa | $ 15,000.00 | $ 15,000.00 | |
| Mike Rumpel | $ 4,138.00 | $ 4,138.00 | |
| Mary Adams | $ 12,200.00 | $ 12,200.00 | |
| Allen Sullivan | $ ~~7,070.00~~ 4,900.00 | $ ~~7,070.00~~ 4,900.00 | |
| Harvey Harris | $ 16,750.00 | $ 16,750.00 | |
| TOTAL | $ 332,080.13 | $ 332,080.13 | |

DEFENDANT: <u>BRETT SHANNON JOHNSON</u>
CASE NUMBER: <u>3:06cr1129-CMC</u> (01)

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A  ■  Special Assessment in the amount of <u>$400.00</u> and Restitution in the amount of <u>$332,080.13</u> are due immediately, balance due

☐ not later than , or

■ in accordance with   ☐ C,   ■ D, or   ☐ E below; or

B  ☐  Payments to begin immediately (may be combined with   ☐ C,   ☐ D, or   ☐ E below); or

C  ☐  Payments in (e.g., equal, weekly, monthly, quarterly)  installments of $ over a period of (e.g., months or years), to commence  after the date of this judgment; or

D  ■  Payments in monthly  installments of no less than  <u>$100.00</u> shall begin  60 days after release from imprisonment to a term of supervision.

E  ☐  Payment during the term of supervised release will commence within (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  ■  Special instructions regarding the payment of criminal monetary penalties:
**During incarceration, the Defendant shall make payments of not greater than  50 percent of net quarterly prison income, applied to Special Assessment and Restitution.**

If restitution, fine and/or special assessment are ordered due immediately, payments made pursuant to this judgment while the defendant is incarcerated, on supervised release, or on probation are minimum payments only and do not preclude the government from seeking to enforce this judgment against other assets or non-prison income of the defendant.  In other words, if ordered due immediately, the government may seek to enforce the full amount of any monetary penalty at any time pursuant to 18 U.S.C. §§ 3612, 3613, and 3664(m).

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment.  All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of court, unless otherwise directed by the court.

The Defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

Defendant and Co-Defendant names and case numbers (including defendant number), total amount, joint and several amount, and corresponding payee, if applicable.

☐ The defendant shall pay the cost of prosecution.
☐ The defendant shall pay the following court cost(s):
☐ The defendant shall forfeit the defendant's interest in property as directed in the Preliminary Order of Forfeiture, filed _____ and the said order is incorporated herein as part of this judgment:

Payments shall be applied in the following order:  (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest, (7) penalties, and (8) costs, including cost of prosecution and court costs.